# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 09-CR-0146-003-CVE |
| ADALBERTO HERNANDEZ, a/k/a "Adelberto Hernandez," | ) | |
| Defendant. | ) | |

## CORRECTED OPINION AND ORDER

Now before the Court is the Government's Unopposed Motion for a Continuance of Jury Trial (Dkt. # 82). The government requests a 30-day continuance of the jury trial currently set for May 21, 2012. The government states that defendant has no objection to the motion.

Plaintiff's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not

be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances of this case. Counsel for the government states that she has had difficulty locating a material witness and that the witness was not located until May 10, 2012. Counsel states that she has conversed with the witness by telephone and has scheduled an in-person meeting. However, counsel represents that she will need additional time to adequately interview the witness and do any necessary follow-up investigation. In addition, counsel for the government is scheduled for trial in three other matters on May 21, 2012. Based on these representations, the Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. It is in the interests of the public that the government be given the opportunity to adequately question a newly located witness and to investigate any newly discovered information. In addition to the interests of the public, the Court has considered the defendant's interest in the speedy

2

resolution of his criminal case and finds that a limited ends of justice continuance will not subvert defendant's interest in the prompt prosecution of this matter.

**IT IS THEREFORE ORDERED** that the Government's Unopposed Motion for a Continuance of Jury Trial (Dkt. # 82) is **granted**. The jury trial set for May 21, 2012 at 9:15 a.m. is **stricken**, and **jury trial is reset for June 18, 2012 at 9:15 a.m.**

**IT IS FURTHER ORDERED that the time between May 21, 2012 and June 18, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**IT IS FURTHER ORDERED** that voir dire, jury instructions and trial briefs are due on **June 11, 2012**.

**DATED** this 14th day of May, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE